```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LEWIS ERIC OWENS,

                Plaintiff,

vs.                                         Case No.  2:09-cv-653-FtM-36DNF

SGT. DALE TODD, DR. BEAUVILLE,
NURSE J. GRUBBS, and NURSE LORI
CARMICHAEL,
                Defendants.[1]
_____/

**OPINION AND ORDER**

**I. Status**

This matter comes before the Court upon Defendant Carmichael's Motion for Summary Judgment (Doc. #96, "Motion").  Defendant submits her Affidavit in support of her Motion (Doc. #57, "Affidavit").  Plaintiff filed a response in opposition to Defendant's Motion (Doc. #99, "Response").  Plaintiff did not attach any exhibits in support of his Response.  The Court deems Defendant's Motion ripe for review.

    **A.**    **Plaintiff's Allegations/Claims**

Plaintiff, who is incarcerated within the Florida Department of Corrections, initiated this action by filing a *pro se* civil rights complaint form pursuant to 42 U.S.C. § 1983 (Doc. #1).

---

[1]As of the date of this Order, service of process has not been effectuated upon the two other medical defendants, Dr. Beauville and Nurse J. Grubbs.

Plaintiff is proceeding on his Second Amended Complaint filed on July 26, 2010 (Doc. #68, "S.A Complaint" or "Complaint").

The Complaint alleges violations to Plaintiff's Eighth Amendment rights. S.A. Complaint at 9. According to the Complaint, on December 28, 2008, Dr. Beauville ordered Plaintiff to be extracted from his cell after learning that Plaintiff was lying "unresponsive" in a pool of blood on his cell floor. *Id.* at 11. Plaintiff claims an extraction team, consisting of various correctional officers, entered Plaintiff's cell and allegedly began to "kick and punch" Plaintiff while he lay "semi-conscious" in a pool of blood in his cell. *Id.* at 9. Plaintiff acknowledges that he was in a semi-conscious state and lying in a pool of blood as a result of self-inflicted injuries. *Id.* at 11.[2]

After Plaintiff was removed from his cell, Defendant Carmichael, a nurse, injected Plaintiff "with a tranquilizer" that was ordered by Defendant Dr. Beauville. *Id.* Defendant Carmichael completed a post-use of force physical on Plaintiff. *Id.* Plaintiff asked Defendant Carmichael to take his blood pressure and pulse, but she refused. *Id.* Defendant Nurse J. Grubbs completed the DC4-701C form, the post use-of-force form. According to the

---

[2]Plaintiff's Eighth Amendment claim concerning the beating while in the cell by the extraction team is not before the Court. Plaintiff and individually named correctional officers named as defendants entered into a stipulated notice of voluntary dismissal, having resolved the claim through settlement. *See* Docs. ##126-127.

"nurses' report," Plaintiff's blood pressure was taken, which Plaintiff claims is false. *Id*.

Plaintiff states that as a result of the beating by the correctional officers, he sustained "dental damage, facial injuries and psychological trauma" and suffers from migraines. *Id*. Plaintiff claims that Defendants Carmichael and Grubbs "showed deliberate indifference" to Plaintiff's medical needs because they provided false medical records and Plaintiff's injuries went untreated. *Id*. As relief, Plaintiff seeks injunctive relief and monetary damages. *Id*. at 12.

### B. Defendant's Motion for Summary Judgment

Defendant Carmichael seeks summary judgment on Plaintiff's Eighth Amendment claim. Motion at 5, ¶8. Defendant Carmichael contends that Plaintiff can not demonstrate any facts to support an Eighth Amendment violation on the part of Defendant Carmichael. In the alternative, Defendant Carmichael argues that she is entitled to qualified immunity as she was performing a discretionary function of her job.

Plaintiff opposes Defendant's Motion and argues that Defendant is liable because she did not provide Plaintiff with emergency medical care even after observing Plaintiff "in a state of unconsciousness in a pool of blood." Response at 1. Further, Plaintiff insists that Defendant Carmichael violated his constitutional rights by performing the post use-of-force physical,

but permitting Nurse Grubbs to sign the post use-of-force physical form. *Id*.

Based upon the record,[3] the Court finds that Defendant Carmichael is entitled to summary judgment as a matter of law on Plaintiff's Eighth Amendment claim stemming from the December 28, 2008 incident.

## II. Applicable Law

### A.   Motion for Summary Judgment

"Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Moton v. Cowart,* 631 F.3d 1337, 1341 (11th Cir. 2011)(internal quotations and citations omitted). *See also*, Fed. R. Civ. P. 56(c)(2).  "The moving party may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial." *Moton*, 631 F.3d at 1341 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The standard for creating a genuine dispute of fact requires the court to "make all *reasonable*

---

[3]The correctional officers employed by the Department of Corrections filed a motion for summary judgment attaching numerous exhibits in support of their motion, including incident reports concerning the December 29, 2008 cell extractions, as well as Plaintiff's medical records and observation notes while on suicide watch.  *See* Docs. ##114, 114-1 and 114-2.  The Court considers these documents, to the extent relevant, in addressing the Motion before the Court.

inferences in favor of the party opposing summary judgment," *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc) (emphasis added), not to make all *possible* inferences in the non-moving party's favor.

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, *i.e.*, affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529 (2006)(citations omitted); *Celotex*, 477 U.S. at 322; *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. *Beard*, 548 U.S. at 529 (citations omitted); *Shotz v. City of Plantation, Fl.*, 344 F.3d 1161, 1164 (11th Cir. 2003). "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). "When opposing parties tell two different

stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). In the summary judgment context, however, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney. *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002).

**B.  Eighth Amendment- Deliberate Indifference Standard**

In the prison context, "[t]he Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010)(citations omitted). In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). This showing requires a plaintiff to satisfy an objective and a subjective inquiry. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003) (citing *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000)).

A plaintiff must first show that he had an "objectively serious medical need." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize

the necessity for a doctor's attention." *Id.* (citations omitted). "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing a: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) disregard of that risk; and (3) conduct that is more than gross negligence. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Goebert v. Lee County*, 510 F.3d 1312, 1327 (11th Cir. 2007)(quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)). "Self-serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records." Whitehead v. Burnside, 403 F. App'x at 403 (citations omitted).

### III. Findings of Fact and Conclusions of Law

Prior to the cell extraction, Plaintiff was on "Suicide Observation Status" as a result of previous self-inflicted injuries. Affidavit of Dr. Ronald Solorzano-Pallas (Doc. #114-1)

at 12. On December 28, 2008, after being advised that Plaintiff had covered his cell window and was upset about his lunch tray, a "one-on-one observation" of Plaintiff began. *Id*. at 13. At approximately 3:15 p.m., the medical department was contacted and advised that Plaintiff "was bleeding and refusing to come out of his cell." *Id*. At approximately 3:30 p.m., by telephone, Dr. Deauville, a psychiatrist, ordered that "50 mg of thorazine" be administered to Plaintiff "for agitation." *Id*. at 13; Physician's Order Sheet (Doc. #114-1) at 11. Dr. Beauville also "authorized force by cell extraction if necessary" because Plaintiff "was refusing to submit to restraints and exit his cell, in order to receive an emergency treatment order and medical treatment for his self injurious act." Authorization for Use of Force(Doc. #114-1) at 10.

At 3:45 p.m., Plaintiff was lying on the floor of his cell in blood, but "was awake and non-verbally responsive." Nursing Assessment (Doc. #114-1) at 43. The extraction team arrived at 4:10 p.m. and Plaintiff remained "awake and responsive." *Id*. at 44. Once out of the cell, Plaintiff refused to shower, the wounds to his wrist were dressed and stiri-strips were applied, and 50 mg of thorazine was given. *Id*. The post use-of-force form reveals that Plaintiff "reopened [a] wound," measuring "1.5 cm x 1 cm x 1/4 cm." *Id*. at 45. A diagram of Plaintiff's injures were noted. *Id*. at 47. Additionally, Plaintiff's vitals were taken: his pulse was

89; respiration was 20; and, his blood pressure was 120/78. *Id*. at 45. Later that evening, at 8:00 p.m., Plaintiff requested a shower. *Id*. at 44.

According to Plaintiff's medical files, subsequent to the extraction, Plaintiff remained in observation for at least two-weeks, and never voiced any complaints about any injuries to his teeth, face or any other part of his body relating to the cell extraction. *See* Doc. 144-2 at 1-76. Additionally, a review of Plaintiff's dental records demonstrate that his first request for dental services was on June 15, 2009. Inmate Request (Dental) dated June 15, 2009 (Doc. #114-2) at 81. At that time, Plaintiff did not mention having a chipped tooth, requesting only a teeth cleaning. *Id*. In fact, during a February 16, 2010 dental examination, Plaintiff refused treatment for a chipped tooth. Affidavit of Dr. Thomas E. Shields (Doc. #114-2) at 90.

Here, it is undisputed that Defendant Carmichael did not participate in the cell extraction. *See* Carmichael Affidavit, Doc. #57 at ¶6; Second Amended Complaint. Defendant Carmichael was only involved in the December 28, 2008 incident for purposes of conducting Plaintiff's post use-of-force exam, and administering medical care, if necessary, to Plaintiff.

The record overwhelmingly indicates that once Plaintiff was extracted from his observation cell, his new self-inflicted wound was cleaned and dressed and his old wounds were examined. Pursuant

to medical orders given by the psychiatrist who was consulted about Plaintiff's mental state, Plaintiff was administered a shot of thorazine after his cell extraction. The Supreme Court has held that prison officials may forcibly treat a mentally ill inmate with anti-psychotic drugs "if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest." *Washington v. Harper*, 494 U.S. 210, 227 (199). Further, "[a] nurse is not deliberately indifferent when she reasonably follows a doctor's orders by administering prescribed medication to an inmate." *Bauer v. Kramer*, No. 10-10581, 2011 WL 1533457 (11th Cir. 2010)(affirming district court's order granting 12(b)(6) motion on claim alleging nurse was deliberately indifferent for forcibly giving inmate anti-psychotic medication ordered by doctor).

Additionally, contrary to Plaintiff's assertion, his vital signs were apparently taken at some point close in time to the cell extraction, as they are noted in the record (Doc. #114-1) at 45. Even if Nurse Carmichael had refused to take Plaintiff's vital signs, as Plaintiff alleges in his Complaint, there is no evidence that Plaintiff's medical condition warranted Plaintiff's vital signs to be taken. Indeed, it appears from the record, that the officials' priority was to stop Plaintiff's bleeding, due to the wounds that he had self-inflicted, and to calm Plaintiff's agitated mental state. Thus, Dr. Beauville ordered that Plaintiff be extracted so that the medical staff could attend to Plaintiff's

emergency medical needs - - the bleeding from his self-inflicted wounds and administer a shot of thorazine to calm Plaintiff's agitated state. The record demonstrates that Plaintiff was not denied any medical treatment for his serious medical needs; and, in fact, medical officials had to have Plaintiff extracted from his cell to provide Plaintiff with the medical treatment that Dr. Beauville deemed medically necessary under the circumstances.

Defendant Carmichael also denies that she falsified any medical records. Carmichael Affidavit, Doc. #57 at ¶6. Significantly, Plaintiff does not come forward with any evidence to demonstrate that Defendant Carmichael falsified any medical records. Even assuming that Defendant Carmichael completed the post use-of-force examination on Plaintiff and Nurse Grubbs completed the post use-of-force form, the Court can discern no constitutional violations arising from these facts.[4]

To the extent that Plaintiff claims that he was not provided with medical care for other alleged injuries inflicted by the officers during his extraction because Defendant Carmichael did not record them, the record evidences that Plaintiff did not voice any complaints about any other medical conditions at any time during

---

[4]Upon review, it appears that Defendant Carmichael completed a "Shift Mental Health Nursing Assessment" at 0900 hours and again at 1600 hours. *See* Doc. #144-1 at 41-44, and at 46-47, respectively. The post use-of-force form appears to have been completed later in time, at 1630 hours, and is signed by Nurse J. Grubbs. *Id*. at 45.

the two-week period following the cell extraction. Nor does Plaintiff come forward with any proof of any other injuries that he allegedly sustained that Defendant Carmichael failed to document. Rather, Plaintiff's medical records reveal that he complained about having migraines on various dates before the date of the cell extraction. *See* Case Management Summary Notes dated December 17, 2008 (Doc. #144-1) at 48-49; Shift Mental Health Nursing Assessment dated December 18, 2008 (Doc. #144-1) at 50; Shift Mental Health Nursing Assessment dated December 24, 2008 (Doc. #144-1) at 51.

Consequently, based upon the record, the Court finds Plaintiff has failed to present any evidence to support his claim that Defendant Carmichael was deliberately indifferent to Plaintiff's medical care and will grant Defendant Carmichael's Motion for Summary Judgment.

### IV. Unserved Medical Defendants

*Pro se* Plaintiff is proceeding *in forma pauperis* (Doc. #9), and 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) permits the Court "at any time" to dismiss a case if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. Upon review of the Second Amended Complaint, the Court will not direct the U.S. Marshal to make further attempts to effectuate service upon Defendants Dr. Beauville or Nurse Grubbs. Construing the allegations in the

Second Amended Complaint as true, the Court finds that Plaintiff has failed to state an Eighth Amendment claim against either of these Defendants.  At most, Plaintiff alleges a difference of medical opinion with Dr. Beauville.  A doctor's decision about the type of medicine that should be prescribed is generally "a medical judgment" that is "an inappropriate basis for imposing liability under section 1983." *Adams v. Poag,* 61 F.3d 1537, 1547 (11th Cir. 1995); *see also Waldrop v. Evans,* 871 F.2d 1030, 1033 (11th Cir. 1989) (stating that "[m]ere medical malpractice, however, does not constitute deliberate indifference.  Nor does a simple difference in medical opinion.").  As noted above, the Court can not discern any constitutional violation stemming from Defendant Grubbs' completion of Plaintiff's post use-of-force form.  Consequently, pursuant to 28 U.S.C. § 1915, the Court dismisses Defendants Dr. Beauville and Nurse Grubbs.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant Carmichael's Motion for Summary Judgment (Doc. #96) is **GRANTED.**

2. Defendants Dr. Beauville and Nurse J. Grubbs are **DISMISSED pursuant to 28 U.S.C. § 1915.**

3. The Clerk of Court shall enter judgment accordingly.

4. Because the Court has granted Defendant Carmichael's Motion for Summary Judgment, the settlement conference with

Defendant Carmichael is **cancelled**, as it is moot.  Likewise, the Motion to Appear Telephonically at Settlement Conference (Doc. 139) is **DENIED,** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, on this 7th day of July, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record